IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BYRON K. RED KETTLE,           )<br>                                                )<br>              Petitioner,       )<br>                                                )<br>     v.                                    )<br>                                                )<br>MICHAEL L. KINNEY,            )<br>                                                )<br>              Respondent.     )<br>_____) | 8:13CV171<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on petitioner Byron Red Kettle's "MOTION TO CONSOLIDATE and/or INCORPERATE," filed pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (*See* Filing No. 53). Red Kettle's motion will be denied. However, as discussed below, to the extent Red Kettle seeks relief from the Court's judgment in this matter, he is directed to file a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

## I.   BACKGROUND

Red Kettle filed a Petition for Writ of Habeas Corpus (Filing No. 1) in this case on June 3, 2013. Respondent moved to dismiss the petition (Filing No. 30) as a second or successive habeas corpus petition that had not been authorized by the Eighth Circuit Court of Appeals. The Court granted respondent's motion and dismissed Red Kettle's petition as a second or successive petition. The Court noted the following in its order dismissing

the petition: "If petitioner wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b)." (Filing No. 40 at CM/ECF p. 3.)

Thereafter, Red Kettle petitioned the Eighth Circuit Court of Appeals for authorization to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254. (*See* Filing No. 51, Copy of Order from the Eighth Circuit Court of Appeals.) The Eighth Circuit Court of Appeals denied Red Kettle's request for authorization on April 14, 2015. The Court held, in relevant part:

> We deny authorization as unnecessary because any current § 2254 petition would not be successive. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001). Red Kettle was not given notice, warning, or an opportunity to amend or withdraw before his 28 U.S.C. § 2241 petition filed in 2011 was recharacterized as a § 2254 petition. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391

>           F.3d 710, 713 (6th Cir. 2004)
>           (applying Castro to § 2254
>           petition).

(*Id.* at CM/ECF p. 1.)

II. DISCUSSION

Red Kettle moves to "consolidate" this case with the appellate court case discussed above. Red Kettle cites to Rule 42(a) of the Federal Rules of Civil Procedure, which provides that a court may consolidate actions "before the court" that "involve a common question of law or fact." The appellate court case is not before *this Court*, and this Court does not have jurisdiction to somehow join this case to Red Kettle's now-closed appellate court case.

It is not clear from Red Kettle's motion whether he seeks to reopen this case so that this Court may consider his § 2254 petition in light of the appellate court's finding that his petition is not successive. To the extent Red Kettle seeks relief from the Court's judgment in this matter, he is directed to file a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

IT IS ORDERED:

1. Red Kettle's "MOTION TO CONSOLIDATE and/or INCORPERATE" (Filing No. 53) is denied.

2. To the extent Red Kettle seeks relief from the Court's judgment in this matter, he must file a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure within the next 30 days.

3. The clerk of the court is directed to set the following pro se case management deadline: June 8, 2015: Rule 60(b)(6) motion to be filed by this date.

DATED this 8th day of May, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.