IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BYRON K. RED KETTLE, | ) | |
| | ) | |
| Petitioner, | ) | 8:13CV171 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, Director, | ) | ORDER |
| Nebraska Department of | ) | |
| Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner Byron Red Kettle's motion (Filing No. 61) brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Also pending are Red Kettle's Motion for Appointment of Counsel (Filing No. 65), Motion to Amend Petition (Filing No. 72), and Motion for Hearing (Filing No. 75) and Respondent's Motion for Progression Order (Filing No. 67).

For the reasons that follow, the Court will reopen this case and order Red Kettle to file one amended petition for writ of habeas corpus that incorporates all of his claims for relief. In addition, the Court will order Red Kettle *not to file* any other amended pleadings or supplements to his amended pleadings, aside from the one contemplated above, without first obtaining leave from the court. Finally, the Court will deny Red Kettle's requests for the appointment of counsel and for a hearing.

## I. BACKGROUND

Red Kettle filed a Petition for Writ of Habeas Corpus (Filing No. 1) in this case on June 3, 2013. Respondent moved to dismiss the petition (Filing No. 30) as a second or successive habeas corpus petition that had not been authorized by the Eighth Circuit Court of Appeals. This Court granted respondent's motion and dismissed Red Kettle's petition as second or successive to a habeas corpus petition Red Kettle filed in this Court in 2011. The Court noted the following in its order dismissing the petition: "If petitioner wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b)." (Filing No. 40 at CM/ECF p. 3.)

Thereafter, Red Kettle petitioned the Eighth Circuit Court of Appeals for authorization to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254. (*See* Filing No. 51, Copy of Order from the Eighth Circuit Court of Appeals.) The Eighth Circuit Court of Appeals denied Red Kettle's request for authorization on April 14, 2015. The Court held, in relevant part:

> We deny authorization as unnecessary because any current § 2254 petition would not be successive. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001). Red Kettle was not given notice, warning, or an opportunity to amend or withdraw before his 28 U.S.C. § 2241 petition filed in 2011 was recharacterized as a § 2254 petition. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying Castro to § 2254 petition).

(*Id.* at CM/ECF p. 1.)

On April 23, 2015, Red Kettle moved to "consolidate" this case with the appellate court case discussed above. This Court denied the motion, but provided Red Kettle with an opportunity to file a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Red Kettle filed his motion seeking relief from the Court's judgment on July 7, 2015.

**II. DISCUSSION OF RED KETTLE'S RULE 60 MOTION**

Red Kettle moves to reopen this case in light of the above-mentioned ruling by the Eighth Circuit Court of Appeals. Respondent opposes Red Kettle's motion only to the extent that Red Kettle attempts to advance additional claims for relief in his motion. In other words, respondent does not oppose the reopening of this case.

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The Court finds that Red Kettle is entitled to relief under Rule 60(b)(6) because this Court improperly dismissed his habeas corpus petition as a second or successive petition. Accordingly, the Court will direct the clerk of the court to reopen this case.

-4-

A word of caution to Red Kettle: The Court notes Red Kettle's tendency to routinely file supplements, amended petitions, and motions seeking to amend his claims. These filings frustrate the Court's ability to effectively manage and progress this case. Therefore, Red Kettle will have 30 days in which to file *one amended petition for writ of habeas corpus that incorporates all of his claims for relief*. The amended petition must not incorporate any part of his prior petitions or supplements to his petitions. The amended petition will supersede Red Kettle's prior pleadings in this matter. Red Kettle is encouraged to use the court-approved form to draft his amended petition, which the clerk of the court will provide to him. Red Kettle is ordered *not to file* any other amended pleadings or supplements to his amended pleadings, aside from the one contemplated above, without first obtaining leave of court.

After Red Kettle files his amended petition for writ of habeas corpus, the Court will enter an order progressing this case to final resolution.

In light of the foregoing, the Court will grant respondent's Motion for a Progression Order (Filing No. 67) and Red Kettle's Motion to Amend Petition (Filing No. 72) to the extent the relief they sought is consistent with the relief

provided in this order. In addition, Red Kettle's Motion for Hearing (Filing No. 75) will be denied as premature.

### III. MOTION FOR APPOINTMENT OF COUNSEL

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS ORDERED:

1. Red Kettle's Motion (Filing No. 61) brought pursuant to Rule 60(b)(6) and Motion to Amend Petition (Filing No. 72), and respondent's Motion for a Progression Order (Filing

No. 67), are granted to the extent the relief they sought is consistent with the relief provided in this order.

2. Red Kettle's Motion for Appointment of Counsel (Filing No. 65) and Motion for Hearing (Filing No. 75) are denied.

3. Red Kettle must file an amended petition for writ of habeas corpus within 30 days *that incorporates all of his claims for relief*. Failure to file an amended petition for writ of habeas corpus could result in the court dismissing this action without prejudice and without further notice. Any document Red Kettle submits to the clerk of the court for filing in this case must clearly display the case number.

4. The clerk of the court is directed to: (a) reopen this case, (b) send to Red Kettle a blank AO Form 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody"), and (c) set the following pro se case management deadline in this case: November 23, 2015: check for Red Kettle's amended petition for writ of habeas corpus.

5. Red Kettle is *ordered not to file* any other document seeking to amend his claims aside from the one

contemplated above without first obtaining leave from the court to do so.

DATED this 20th day of October, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.