IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BYRON K. RED KETTLE, | ) | |
| | ) | |
| Petitioner, | ) | 8:13CV171 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's Amended Petition for Writ of Habeas Corpus ("petition"). (Filing No. 80.) Respondent argues that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.[1]

### I. BACKGROUND

The petition in this case relates to convictions and sentences Petitioner received as a result of events occurring in South Dakota and Nebraska in 1987. To summarize, on September 30, 1987, Petitioner robbed a ConoMart Store in Box Elder, South Dakota and kidnapped the store clerk. Petitioner took the store clerk to Sheridan County, Nebraska, where he sexually assaulted her. *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991).

On April 1, 1988, Petitioner pled guilty to one count of kidnapping in the United States District Court for the District of South Dakota. *See Red Kettle*, Case No.

---

[1] In reaching this decision, the court takes judicial notice of its records pertaining to an earlier habeas petition filed in this court by Petitioner pursuant to 28 U.S.C.§ 2241. *See Red Kettle v. United States of America*, Case No. 8:11CV264 (D. Neb. 2012) ("*Red Kettle*").

8:11CV264 at Filing No. 12-2. He was sentenced to life in prison on that conviction. *Id*. Thereafter, Petitioner pled guilty to one count of kidnapping and one count of assault for the same conduct in South Dakota state court. The South Dakota state court sentenced Petitioner to life in prison for the kidnapping conviction and 30 years in prison on the assault conviction. *See State v. Red Kettle*, 452 N.W.2d 774 (S.D. 1990).

On April 11, 1990, a Nebraska jury convicted Petitioner of first degree sexual assault ("Count I"), operating a motor vehicle to avoid arrest ("Count II"), and receiving or retaining stolen property ("Count III") for the events occurring in Nebraska. The District Court of Sheridan County, Nebraska sentenced Petitioner to 15 to 25 years on Count I, to be served consecutively with any federal or South Dakota sentence, and 1-3 years each of Counts II and III, to be served consecutive to Court I and concurrent with each other. Petitioner appealed his Nebraska conviction, and it was affirmed by the Nebraska Supreme Court on October 25, 1991. *See State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991).

Petitioner was released from his federal sentence on June 13, 2009, and began serving his Nebraska state sentence on that date. *Red Kettle*, Case No. 8:11CV264 at Filing No. 12.

On August 2, 2011, Petitioner filed a petition for writ of habeas corpus in this court under 28 U.S.C. § 2241. *Red Kettle*, Case No. 8:11CV264 at Filing No. 1. Petitioner claimed that he was being held illegally by the State of Nebraska and was entitled to credit on his sentence for the time he spent in federal custody. The court dismissed the petition on February 9, 2012,[2] finding that Petitioner did not have a liberty

---

[2] In reaching its decision, the court construed Petitioner's habeas petition as arising under § 2254, rather than § 2241. *Red Kettle*, Case No. 8:11CV264 at Filing No. 30. Consequently, in the current action, the petition was initially dismissed as successive under 28 U.S.C. § 2244(b). (Filing No. 40.) However, when Petitioner sought permission from the Eighth Circuit Court of Appeals to file a successive petition, the Eighth Circuit determined that his petition was not successive because Petitioner was not

interest in the concurrent running of his federal, South Dakota, and Nebraska convictions. In dismissing the action, the court noted that the parties had not addressed whether the habeas petition was barred by the statute of limitations. *Red Kettle,* Case No. 8:11CV264 at Filing No. 30. However, because the record was adequate, the court was able to decide the matter on its merits. *Id*.

Petitioner did not file a motion for post-conviction relief in state court until September 4, 2012. (Filing No. 98-2.) The motion was dismissed by the state court as untimely and procedurally barred. (Filing No. 98-3.) Petitioner's appeal of the denial of the motion for post-conviction relief was dismissed. (Filing Nos. 97-1, 98-1.)

## II. DISCUSSION

1.  **Motion to Amend Petition**

This action was initiated on June 3, 2013, and since that time, Petitioner has attempted to amend his petition on multiple occasions. On October 20, 2015, the court noted that Petitioner had a "tendency to routinely file supplements, amended petitions, and motions seeking to amend his claims" and that those filings frustrated the court's ability to manage and progress the case. (Filing No. 78 at CM/ECF pp. 4-5.) As a result, the court provided Petitioner one final opportunity to file an amended petition that "incorporat[ed] all of his claims for relief." (*Id*.) The Amended Petition was filed on November 2, 2015 (Filing No. 80) and remains the operative pleading in this case. (Filing No. 94.)

Petitioner has not identified any legitimate reason necessitating further

---

given notice, warning, or an opportunity to amend or withdraw before his § 2241 petition was re-characterized as a § 2254 petition in *Red Kettle*, Case No. 8:11CV264. (Filing No. 51.) Therefore, this court subsequently re-opened this case and gave Petitioner leave to file an amended petition. (Filing No. 78.) Petitioner filed his Amended Petition on November 2, 2015 (Filing No. 80).

amendment of the pleadings. Therefore, Petitioner's Motion to Amend Petition (Filing No. 103) will be denied.

**2.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to commence habeas corpus proceedings under 28 U.S.C. § 2254. The AEDPA's provisions apply to all habeas corpus petitions filed after the Act's effective date, which is April 24, 1996. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1013-14 (8th Cir. 2003).

Under the statute's provisions, the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the Eighth Circuit Court of Appeals has recognized a one-year grace period running from the AEDPA's enactment for prisoners whose state court proceedings were completed prior to the AEDPA's enactment. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Petitioner's judgment became final before the enactment of AEDPA. Thus, applying the one-year grace period, Petitioner had until April 24, 1997, to file a habeas petition. *Id*. Petitioner did not file his § 2241 habeas petition until August 2, 2011, which is notably two years after he was released from his federal sentence and began serving his Nebraska sentence. Petitioner's § 2241 case was dismissed by this court on February 9, 2012, and Petitioner did not file the instant habeas petition until June 3, 2013.

While it is true that the statute of limitations found in § 2244(d)(1) is tolled while a properly filed application for state post-conviction or other collateral review is pending, *see* 28 U.S.C. § 2244(d)(2), Petitioner's first post-conviction motion in Nebraska state court was not filed until September 4, 2012. (Filing No. 98-2.) Because the limitations period had already expired, that post-conviction motion did not toll the

statute of limitations. *See Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir.2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). Moreover, Petitioner's previous habeas petition had no effect on the deadline for filing his current § 2254 petition. Prior federal habeas petitions do "not qualify as the kind of application for State post-conviction or other collateral review which tolls the AEDPA one-year limitations period for federal habeas petitions pursuant to 28 U.S.C. 2244(d)(2)." *Wagner v. Shortridge*, No. 8:01CV222, 2002 WL 338151, *5 (March 5, 2002) (quotation omitted).

For the foregoing reasons, the court finds that the petition is clearly untimely under § 2244(d)(1).

### A. Equitable Tolling and Miscarriage of Justice Exception

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

It is unclear what "extraordinary circumstance" Petitioner contends prevented him from timely filing his petition. However, even assuming Petitioner could establish that some extraordinary circumstance made it impossible for him to file his petition on time, Petitioner has not shown that he pursued his rights diligently.

Petitioner has likewise failed to show that he is entitled to the protections of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more

likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27. Petitioner has not pointed to any new evidence suggesting that he is actually innocent.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

3. Petitioner's Motion to Amend Petition (Filing No. 103) is denied.

4. Petitioner's Motion for Leave of Court (Filing No. 104) is denied as moot.

5. Petitioner's Objection and Summary Judgment (Filing No. 106) is denied as moot.

6. Petitioner's Request for Records (Filing No. 108) is denied as moot.

7. Petitioner's Motion for Evidentiary Hearing (Filing No. 109) is denied as

moot.

8. Petitioner's Motion for Order of Recognizance (Filing No. 113) is denied as moot.

9. Petitioner's Motion for Judicial Notice (Filing No. 114) is denied as moot.

10. Petitioner's Motion for Notice (Filing No. 115) is denied as moot.

11. Petitioner's Motion to Strike (Filing No. 116) is denied as moot.

12. Petitioner's Supplemental Pleading for Recognizance (Filing No. 117) is denied as moot.

13. Petitioner's Supplemental Pleading and Notice (Filing No. 118) is denied as moot.

DATED this 28th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge